UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
|     Jeremy Roberts | ) | Case No.:  11-48771 |
| | ) | |
|     Debtor  and Movant | ) | MOTION TO ENFORCE THE |
| | ) | AUTOMATIC STAY (11 U.S.C. 362) |
| | ) | AND / OR DISCHARGE INJUNCTION |
| | ) | (11U.S.C. 524(A)(2)) |
| | ) | AND MOTION FOR SANCTIONS |
| | ) | (11U.S.C. 105) |
| | ) | |
| v. | ) | |
| | ) | Hearing Date:  April 16, 2014 |
| Smith Law Office, LLC and | ) | Hearing Time:  9:30 |
| Mary Elizabeth Dorsey | ) | Courtroom: 7 South |
|     Respondents | | |

**<u>MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AND/OR BANKRUPTCY DISCHARGE INJUNCTION</u>**

PLEASE TAKE NOTICE, THAT UPON THE Debtors' Motion to Enforce the automatic stay and discharge injunction in bankruptcy (11 U.S.C. 524(a)(2))and Motion for Sanctions, the undersigned will move before the Honorable Charles E. Rendlen III, in the United States Bankruptcy Court, 111 South Tenth Street, 7th Floor, St. Louis. MO, on April 16, 2014 at 9:30 a.m., or as soon thereafter as the parties can be heard for an order granting the relief requested.

COMES NOW Debtor, Jeremy Roberts, Movant herein, by and through his attorney of record, Charles Markwell, and for his Motion to Enforce the Discharge Injunction and Motion for Sanctions alleges as follows:

1

1. This Motion to Enforce the Automatic Stay (11 U.S.C. 362 (a)(1),or in the alternative, Discharge Injunction is brought pursuant to 11 U.S.C 105(a) to ensure enforcement of the code's restriction against activities engaged in by a creditor or their representative during an open bankruptcy and after a discharge.

2. The court has jurisdiction under provision of 28 U.S.C. 1334, and 157(a).

3. By virtue of 28 U.S.C. 157 (b)(2)(E), this is a core proceeding.

4. That the Debtor filed for Chapter 7 Bankruptcy Protection in the United States Bankruptcy Court in Eastern Missouri on or about August 8th, 2011.

5. The Court granted Discharge on or about November 16, 2011.

6. That the Debtor properly listed creditor Smith Law Office, LLC on Schedule F.

7. Smith Law Office, LLC, had provided legal representation to Debtor before the filing of said bankruptcy in the matter of *In Re the Marriage of Maureen Ann Roberts v. Jeremy Roberts*, Case No.: *0711-FC03545-01* in St. Charles County Missouri.

8. Following the Discharge, Smith Law Office continued to represent the Debtor in that action, continued to bill for the discharged debt, and receive payment for such.

9. In September of 2011, Smith Law Office withdrew from the matter for lack of payment.

10. On October 25, 2013, with the representation of counsel Mary Elizabeth Dorsey of Ahlheim and Dorsey, LLC in St. Charles Missouri, Creditor Smith Law Office, LLC, filed an action in St. Charles County Circuit Court (*Case No.: 1311-AC07022*) against Debtor for the debt that accrued pre-filing of the above referenced Chapter 7 Discharge. Specifically, Ms. Dorsey filed that action alleging Suit on Account and Account Stated. *(Exhibit A)*

11. Debtor, individually and through counsel made numerous attempts to make Respondents aware of the Debtor's rights and protections under the bankruptcy code. Said efforts have been ignored and or met with resistance.

12. On January 8, 2014, this counsel filed a Notice of Bankruptcy in the State Court action above *(Case No.: 1311-AC07022)*, in an attempt to document the knowledge of the bankruptcy. *(Exhibit B)*

13. Numerous conversations took place in the following weeks regarding the merits of the case given the bankruptcy. In addition to telephone and in-person conversations, Debtor's attorney mailed Ms. Dorsey a letter discussing the bankruptcy discharge, specifically pointing out the applicable statute. *(Exhibit C)*

14. In an attempt to evade this Court's Discharge Order, on February 14, 2014, Ms. Dorsey filed an First Amended Petition on behalf of Smith Law Office, LLC, alleging Suit on Account and Fraud in the Inducement, still based on the debt that had been discharged by this Court in 2011. *(Exhibit D)*

15. Paraphrasing the filed suit, Ms. Dorsey, on behalf of collecting for Smith Law Office, LLC, is alleging in her First Amended Petition that Debtor made new promises to pay the debt following the Chapter 7 Discharge, that he had coaxed Smith Law Office, LLC into providing services, and that the whole amount owed, both pre and post filing was now due.

16. The Debtor did <u>not</u> file a reaffirmation agreement with Smith Law Office, LLC.

17. Since the filing of this Chapter 7, creditor charged **$1,032.24** for its services. Since the filing of this Chapter 7, the debtor has paid this creditor **$4,050.00.**

3

      The suit in St. Charles County prays for a Judgment against Debtor in the amount of **$4,445.39**. It would appear that Smith Law Office, LLC owes Debtor a refund of **$3017.76.** *(Exhibit E)*

18. Both Respondents' conduct and actions constitute a continuing clear and willful violation of the Automatic Stay 11 U.S.C. 362 and Bankruptcy Discharge Injunction 11 U.S.C. 524(a)(2). Both were provided Notice of the Filing and Discharge. Neither has acted upon their affirmative duty to not violate the Court's Order.

      Wherefore, Debtor prays that this Court enter an Order compelling both respondents, Smith Law Office, LLC and Mary Elizabeth Dorsey, to adhere to the restrictions and prohibitions enumerated in 11 U.S.C. 362 and 11 U.S.C. 524(a)(2), and any other such relief to which the debtor may be entitled or the Court deems just and proper in the circumstances.

### SANCTIONS

19. That the Debtor restates and re-alleges all previous paragraphs.
20. That the actions and conduct of both respondents constitute a violation of either the automatic stay under 11 U.S.C. 362 and/or the discharge injunction under 11 U.S.C. 524(a)(2).
21. That the Respondents, both Smith Law Office, LLC and Mary Elizabeth Dorsey, had an affirmative duty to ensure that no violations of the stay and discharge injunction take place once notice of the bankruptcy discharge had been received.
22. That in light of Respondents willful violation of the discharge injunction, the Debtor is entitled to actual damages in the amount of $1500 under 11 U.S.C. 105(a). That

4

this amount represents the dollar value of defending the case in state court thus far for defending the action filed. The Debtor also request punitive damages be assessed in the amount of $2500.00. That the Debtor's request for punitive damages is intended to deter the Respondents and other unsecured creditors from engaging in conduct similar to that which forms the basis of this present Motion. Specifically, this measure is sought to deter Respondents from forcing Debtor and Debtor's counsel from having to resort to court intervention to insist Respondents follow the law.

23. That the Debtor also seeks attorney fees and cost authorized under 11 U.S.C. 105(a) in the amount of $1000.00, and $261.00 to reopen the case.

Wherefore, Debtor prays that this Court enter an Order for actual damages in the amount of $1500.00; for punitive damages of $2500.00 as a result of the continuing discharge injunction violation, or that amount that Court deems just and proper in the circumstances; for attorney fees in the amount of $1000.00, and $261 for filing fees to reopen the case, and for other such relief as the Court deems just and proper in the circumstances.

5

## SUMMARY OF EXHIBITS

In support of the Debtor's Motion, Debtor supplies the following Exhibits.

**Exhibit A** - Initial Lawsuit filed against Defendant in Case No.: 1311-AC07022 in the Circuit Court of St. Charles County Missouri, with exhibits filed in that matter.

**Exhibit B** - Notice of Bankruptcy Filing submitted in Case No.: 1311-AC07022

**Exhibit C** – Letter from Markwell Law, LLC to Mary Elizabeth Dorsey dated January 13, 2014.

**Exhibit D** – First Amended Petition filed by Mary Elizabeth Dorsey, Attorney for Smith law Office, LLC in Case No.: 1311-AC07022, with exhibits filed in that matter.

**Exhibit E** – Billing Record of Smith Law Office, LLC, submitted with Petition in Case No.: 1311-AC07022. (Note, this exhibit while mentioned as a separate exhibit, is contained in and as part of Exhibits A and C above. Debtor has not re-included this as a separate exhibit because it is duplicative.)

**MARKWELL LAW, LLC**

By: */s/ Charles Markwell*
    CHARLES MARKWELL MO61336
    **Attorney for Debtor**
    9979 WingHaven Blvd., Suite 210
    O'Fallon, MO 63368
    636-486-1093 Office    636-625-3721 Fax
    guss@gussmarkwell.com

## CERTIFICATE OF SERVICE

Comes now the Defendant, by and through its counsel, and states that a copy of this Motion was served the means below.

__X__ Email to medorsey@ahlheimdorsey.com.

And,

__X__ U.S. Mail Postage Prepaid.

On this 15th Day of March, 2014, to:

1. Mary Elizabeth Dorsey
   2209 First Capitol Drive
   St. Charles, MO 63301
   Individually and as representative of Smith Law Office, LLC

2. Smith Law Office, LLC
   I/C    Mary Elizabeth Dorsey
          2209 First Capitol Drive
          St. Charles, MO 63301


**MARKWELL LAW, LLC**

By: _____
    CHARLES MARKWELL MO61336
    **Attorney for Debtor**
    9979 WingHaven Blvd., Suite 210
    O'Fallon, MO 63368
    636-486-1093 Office
    636-625-3721 Fax
    guss@gussmarkwell.com  E-mail