THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.    11-48771 |
| JEREMY ROBERTS, | ) | |
| | ) | |
| Debtor/Movant. | ) | |
| | ) | RESPONDENT'S ANSWER TO |
| vs. | ) | MOTION TO REOPEN CASE |
| | ) | |
| SMITH LAW OFFICES, L.L.C. AND | ) | |
| MARY ELIZABETH DORSEY, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' ANSWER TO MOTION TO REOPEN CASE

COME NOW Respondents, Smith Law Offices, L.L.C. and Mary Elizabeth Dorsey,

herein and for their Answer to Debtor's Motion to Reopen Case states to the Court as follows:

1.      That Respondents admit that the Debtor filed a Chapter 7 Bankruptcy Hearing in

the United States Bankruptcy Court for the Eastern District of Missouri on August 17, 2011 and

deny the allegation contained in Paragraph 1 of Motion to Reopen Case indicating that it was

filed on August 8, 2011.

2.      That Respondents admit each and every allegation contained in Paragraph 2 of

Motion to Reopen Case.

3.      That Respondents admit each and every allegation contained in Paragraph 3 of

Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondent,

Smith Law Offices, L.L.C., affirmatively states that it did not receive a notice of the bankruptcy

and was only aware of any potential for bankruptcy in direct conversations with the Debtor.

4.      That Respondents admit each and every allegation contained in Paragraph 4 of

Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondent, Smith Law Offices, L.L.C., states that Smith Law Offices, L.L.C. also provided representation to Debtor post-filing through the months of August and September 2011.

5.     That Respondents deny the allegations contained in Paragraph 5 of Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondent, Smith Law Offices, L.L.C., states that although it was unaware of the specific date of the Debtor filing a Petition for bankruptcy with this Court at the time, that it was following the filing of the bankruptcy that at the Debtor's request and upon Debtor's promise to pay for legal representation both pre-filing and post-filing that Respondent, Smith Law Offices, L.L.C., then agreed to continue to represent the Debtor in post-trial motions before the Trial Court in the Circuit Court of St. Charles County, Missouri.

6.     That Respondents deny each and every allegation contained in Paragraph 6 of Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondents state that Smith Law Offices, L.L.C. retained Ahlheim & Dorsey, L.L.C. and specifically attorney Mary Elizabeth Dorsey, to represent them in numerous collection matters and that among the matters referred for collection included the debt of Debtor for which a Petition was filed in the Circuit Court of St. Charles County which Respondents have since learned included both pre-filing and post-filing debt.

7.     That Respondents deny each and every allegation contained in Paragraph 7 of Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondents affirmatively state that the Debtor himself did not want to notify Smith Law Offices, L.L.C. or Mary Elizabeth Dorsey that he had filed nor received a discharge under Chapter 7 of the Bankruptcy Code.  In further answering and by way of an affirmative defense, Respondents state

that there were both telephone calls and conversations between Respondents and Debtor's counsel which had yet to reach a conclusion at which time Debtor and Debtor's counsel chose to file the instant motion.

8.      That Respondents admits each and every allegation contained in Paragraph 8 of Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondent, Mary Elizabeth Dorsey, states to the Court that Debtor's counsel in a telephone conversation told me he was aware that some of the debt being pursued was for post-filing debt and obviously that would not have been discharged and was aware of same.

9.      That Respondents deny each and every other allegation contained in Paragraph 9 of Motion to Reopen Case.  In further answering and by way of an affirmative defense, Respondent, Mary Elizabeth Dorsey, had advised Debtor's counsel that based upon the information she had obtained since filing the original motion that it would be appropriate to amend the pleadings before the Court and did file the original Petition that was filed for a Two-Count Petition for Count I - Suit On Account and Count II - Account Stated.  The amended Petition is Count I - Suit on Account and Count II - Fraud in the Inducement.  The cause of action for fraud did not occur until post-filing and as such could not have been discharged in Debtor's prior proceeding as the acts that are alleged to constitute the fraud did not occur until after August 17, 2011.  Further, Respondent, Mary Elizabeth Dorsey, had done legal research on the validity of proceeding on post-bankruptcy promises to pay and provided legal citations to Debtor's counsel as basis for continuing the suit, those cites being Boone County Milling & Elevator Company v. Lowery, 248 SW623(Mo.App. 1923) and Crandall v. Durham, 141 SW2nd148 (Mo. App. 1940).  Based upon the legal research performed by Respondent, Mary Elizabeth Dorsey, and the fact that the cause of action for fraud could not have accrued prior to

the filing the bankruptcy was the basis for the amended pleading. Further, that on the date the

Motion for Leave of Court to file the amended pleading was taken up before the Court, Debtor's

counsel, through a surrogate, consented to the leave being granted.

      10.    That Respondents admit each and every allegation contained in Paragraph 10 of

Motion to Reopen Case.

      11.    That Respondents deny each and every allegation contained in Paragraph 11 of

Motion to Reopen Case.

      12.    That Respondents admits each and every allegations contained in Paragraph 12 of

Motion to Reopen Case.

      WHEREFORE, Respondents, individually and jointly, pray this Court deny Debtor an

order granting his Motion to Reopen Case and allow the matter in the Circuit Court to go

forward; and for such other and further relief as this Court may deem just and appropriate in the

circumstances.

AHLHEIM & DORSEY, L.L.C.
2209 First Capitol Drive
St. Charles, Missouri 63301
medorsey@ahlheimdorsey.com
(636) 940-8000; 940-8889 (Fax)
Attorneys for Respondents


By:   /s/ Mary Elizabeth Dorsey
        MARY ELIZABETH DORSEY #34610

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a copy of the foregoing was served through the
electronic filing system and/or by first-class mail this 10th day of April, 2014, to: Mr. Charles
Markwell, Attorney for Debtor, 9979 Winghaven Blvd., Suite 210, O'Fallon, MO 63368 and
guss@gussmarkwell.com

      /s/ Mary Elizabeth Dorsey
      Mary Elizabeth Dorsey