UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No.: 11-48771 |
| JEREMY ROBERTS ) | |
| ) | |
| Debtor and Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| SMITH LAW OFFICE, LLC and ) | |
| MARY ELIZABETH DORSEY ) | |
| Respondents. ) | |

### NOTICE OF HEARING

**WARNING: Any response or objection must be filed with the Court by the 23rd day of April, 2014 (See L.B.R. 9013-2). A copy must be promptly served upon the undersigned.  Failure to file a timely response may result in the Court granting the relief requested prior to the hearing date.**

**PLEASE TAKE NOTICE** that the Motion for Expedited Hearing is be held on the 23rd day of April at 9:30 a.m. before the Honorable Charles E. Rendlen, III, United States Bankruptcy Court, Eastern District of Missouri, Thomas F. Eagleton Building, 111 South Tenth Street, 7th Floor North Courtroom, St. Louis, Missouri 63102.

### CONSENT MOTION FOR REHEARING

COMES NOW, Smith Law Firm, LLC ("Smith"), by and through undersigned counsel and with the Debtor's consent and for its Consent Motion for Rehearing, states to the Court as follows:

1. Smith, had provided legal representation to Debtor before and after the filing of said bankruptcy in the matter of *In Re the Marriage of Maureen Ann Roberts v. Jeremy Roberts*, Case No.: 0711-FC03545-01 in St. Charles County Missouri (the "Family Court Action").

2. Debtor filed the instant bankruptcy case on August 17, 2011, which was during the pendency of the Family Court Action.

3. Despite numerous communications, Debtor did not inform Smith that he had filed for bankruptcy nor did Debtor cause Suggestions of Bankruptcy to be filed in the Family Court Action.

4. With Debtor's consent, Smith continued to represent Debtor in the Family Court Action until September 2011 when Smith withdrew as Debtor's counsel. At the time of the withdrawal, Smith was owed money from Debtor for both the work performed Pre-Petition and the work performed Post-Petition.

5. Smith retained Mary Elizabeth Dorsey and the law firm of Ahlheim and Dorsey, LLC ("Dorsey') to collect on the outstanding amounts owed. As Smith does not engage in collection or bankruptcy law, Smith relied on Dorsey's expertise and counsel to collect on the outstanding amounts.

6. Ultimately, Dorsey filed an action in St. Charles County Circuit Court (Case No.: 1311-AC07022) against Debtor to recover the outstanding balances owed to Smith (the "Civil Action").

7. At no time prior to filing the Civil Action, did Dorsey inform Smith that Debtor had filed a bankruptcy or that Debtor obtained a discharge.

8. Throughout the process Smith relied on Dorsey's expertise and counsel with regard to the effect of the Debtor's bankruptcy on the outstanding amounts owed, including proceeding forward with the Civil Action despite Debtor's claim that the Civil Action violated the discharge injunction.

9. Dorsey filed a response to the motion for sanctions without providing Smith a draft.

10. Subsequent to the hearing on Debtor's motion for sanctions, Smith terminated Dorsey as its counsel and retained an experienced bankruptcy counsel, Seth Albin, to represent Smith in this matter going forward.

11. Smith should not be sanctioned for following the Dorsey's incorrect advice and counsel. Any sanctions issued by the Court should be against Dorsey and not Smith.

12. Mr. Albin contacted Debtor's counsel and reached a settlement in principle, by which Smith will refund monies to the Debtor and the Debtor will dismiss its motion for sanctions against Smith. Smith requests rehearing to present its position and the settlement to the Court.

13. Debtor and his counsel consent to the rehearing of the motion for sanctions with respect to Smith and consent for the rehearing to be done on an expedited basis.

14. Smith requests that the motion for rehearing be heard on an expedited basis and that the Court refrain from entering any order with respect to Smith until such time as the motion for rehearing may be heard.

WHEREFORE, Smith Law Office, LLC, respectfully requests that the Court grant its Motion for Rehearing of Debtor's Motion for Sanctions, refrain from entering any order on Debtor's Motion for Sanctions until such time as this motion for rehearing is heard and for such other and further relief as the Court deems proper.

Respectfully Submitted,

**STEWART, MITTLEMAN, HEGGIE,
HENRY & ALBIN, L.L.C.**

/s/ Seth A. Albin
**SETH A. ALBIN #46483**
Attorney for Respondent Smith Law Office, LLC
222 South Central Avenue, Suite 501
St. Louis, Missouri 63105
(314) 863-8484
(314) 863-5312 Facsimile
salbin@smhhlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties in this matter requesting service by electronic filing. I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing.

Date:   4/18/2014                                   /s/   Seth A. Albin